<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>4018 W. VINE STREET, LLLP, a Florida Limited Liability Limited Partnership; and ISSA EL-HINN a/k/a CHRIS HINN, an individual,<br><br>*Defendants.* | Civil No.: 20-cv-13089 (KSH)(CLW)<br><br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

Plaintiff Ramada Worldwide Inc. initiated this action against defendants 4018 W. Vine Street, LLLP ("4018 WVS") and Issa El-Hinn a/k/a Chris Hinn arising from their alleged breach of a franchise agreement and violations of federal trademark laws. Defendants did not answer the complaint or otherwise respond in this matter, and Ramada has now moved for a permanent injunction and final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, Ramada's motion is granted in part and denied in part.

**I.     Background**

The facts are gleaned from the first amended complaint. (D.E. 5, Am. Compl.) Ramada is one of the largest guest-lodging facility franchises in the United States. (*Id.* ¶ 10.) It owns and has the exclusive right to license the use of the service mark RAMADA and various related trade names and marks (the "Ramada marks"). (*Id.* ¶ 11.)

On August 23, 2012, Ramada entered into a franchise agreement with 4018 WVS to operate a facility in Kissimmee, Florida for 15 years, during which time it could use the Ramada

marks. (*Id.* ¶¶ 22-23.) Under the agreement, 4018 WVS made certain payments to Ramada (the "recurring fees"), and paid interest on all past due amounts. (*Id.* ¶¶ 24-25.) 4018 WVS also agreed to pay liquidated damages in the event of premature termination, which could occur if it: (i) failed to pay recurring fees; (ii) failed to remedy any default within 30 days of receipt of written notice; and/or (iii) received two or more notices of default within a one-year period. (*Id.* ¶¶ 28-29.) Defendant El-Hinn executed a personal guaranty for 4018 WVS's obligations under the agreement.[1] (*Id.* ¶¶ 32-34.)

In the years that followed, 4018 WVS "repeatedly failed" to pay recurring fees. (*Id.* ¶ 35.) On May 14, 2018, Ramada notified 4018 WVS of its default and, approximately two months later, the parties executed a confidential settlement agreement to resolve the breach (the "2018 settlement"). (*Id.* ¶¶ 36-37.) In connection with the settlement, defendants executed a "Warrant of Attorney-Confession of Judgment-Consent to the Entry of Judgment," and consented to entry of a $373,693.32 judgment if they failed to comply with its terms. (*Id.* ¶¶ 38-39.)

Nonetheless defendants breached their obligations under the 2018 settlement and as before, 4018 WVS failed to pay recurring fees required under the franchise agreement. (*Id.* ¶¶ 40-42.) After advising 4018 WVS of its breach in two letters dated January 31 and March 27, 2019, Ramada filed a complaint in this district on August 14, 2019 to collect all unpaid recurring fees, inclusive of the amount owed under the 2018 settlement. (*Id.* ¶¶ 43-45; *see Ramada Worldwide Inc. v. 4018 W. Vine Street, LLLP and Chris Hinn*, 19-cv-16698 (ES) (MAH).)

---

[1] Under both the franchise agreement and guaranty, defendants agreed to pay all of Ramada's costs and expenses, including reasonable attorneys' fees, if Ramada successfully sought enforcement, and they also consented to personal jurisdiction in this Court. (*Id.* ¶¶ 7-8, 31, 34.)

2

The parties executed a second settlement agreement to resolve the lawsuit on September 12, 2019 (the "2019 settlement"), under which defendants executed a consent judgment and agreed to entry of a $565,743.31 judgment if they failed to comply with its terms. (*Id.* ¶¶ 46-48.) Again, defendants breached their obligations and the consent judgment was entered on December 18, 2019. (*Id.* ¶¶ 49-52.)

4018 WVS continued its noncompliance with the franchise agreement in the months that followed, and Ramada advised it of the breach in two letters dated March 11 and May 14, 2020. (*Id.* ¶¶ 53-55.) By letter dated June 30, 2020, Ramada terminated the franchise agreement, advised 4018 WVS that it must immediately discontinue its use of the Ramada marks at its facility, and demanded payment of all outstanding recurring fees and liquidated damages for premature termination of the agreement. (*Id.* ¶ 56.)

On September 23, 2020, Ramada filed the instant lawsuit against defendants seeking damages for breach of the franchise agreement. (D.E. 1.) When 4018 WVS failed to remove the Ramada marks from its facility, Ramada filed an amended complaint on November 23, 2020 seeking an injunction that would allow it to enter 4018 WVS's facility and remove all Ramada marks, as well as monetary damages under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.[2] (*See generally* Am Compl.) Although defendants were served with the summons and amended complaint on December 7, 2020, they failed to answer or otherwise respond. (D.E. 8.) Accordingly, the clerk entered default against them on January 7, 2021. (D.E. 9.)

Ramada now moves (D.E. 15) for a permanent injunction and final judgment by default pursuant to Fed. R. Civ. P. 55(b)(2). In its motion, Ramada seeks: (i) to enjoin defendants from

---

[2] Ramada alleges that 4018 WVS has continued to use the Ramada marks "despite receiving notification . . . to cease and desist from the misuse" of the marks. (Am. Compl. ¶ 61.)

3

marketing, promoting, or renting guest-lodging services using the Ramada marks; (ii) the authority to enter 4018 WVS's facility to remove those marks; and (iii) entry of an $864,788.13 judgment.  (*See* D.E. 15-1, Proposed Order.)  To date, defendants have not filed opposition.

## II.     Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against properly served defendants who do not file a timely responsive pleading.  "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  But that "discretion is not without limits," and it is preferred that "cases be disposed of on the merits whenever practicable." *Id.* at 1181.  Thus, before entering default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F.Supp.2d 359, 364 (D.N.J. 2008) (quoting *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (Rodriguez, J.)).  The Court must also be satisfied as a threshold matter that it has subject matter and personal jurisdiction, and that the defendants were properly served.  *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.).

Once the Court is satisfied that it has jurisdiction over the suit and that the plaintiff has pled a legitimate cause of action, it must then "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

4

### III. Discussion

#### A. Jurisdiction & Service

Turning first to the requisite threshold showing, the Court has subject matter jurisdiction over the instant lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338 because the amended complaint alleges violations of federal trademark law (Am. Compl. ¶¶ 63-73), and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship (*id.* ¶¶ 1-4) and the amount in controversy exceeds $75,000 (*id.* ¶¶ 73, 78, 84, 88, 92, 97, 101). The Court also has personal jurisdiction over both defendants because they consented to the jurisdiction of this Court in the franchise agreement and guaranty. (*Id.* ¶¶ 7-8.)

Additionally, Ramada has provided the Court with sufficient proof of personal service on both defendants. (*See* D.E. 8.) Accordingly, the Court is satisfied that the requisite threshold showing has been established.

#### B. Legitimate Causes of Action

The Court next assesses whether the amended complaint states legitimate causes of action. Ramada's eight-count amended complaint generally asserts two causes of action: one for breach of contract, and another for violations of the Lanham Act.

To state a claim for breach of contract under New Jersey law, a plaintiff must establish "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013). Here, Ramada has pled that: (i) it entered into a valid franchise agreement and guaranty with defendants; (ii) they breached those agreements by failing to pay recurring fees and liquidated damages; and (iii) it suffered damages

5

as a result. (Am. Compl. ¶¶ 22-34, 53-56.) Thus, Ramada has pled a viable breach of contract claim against defendants.

The Court reaches the same conclusion as to Ramada's Lanham Act claims. To state a cause of action under either 15 U.S.C. § 1114 or § 1125, "a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (citing *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 437 (3d Cir. 2000)). The Third Circuit has held that the "unauthorized use of a mark by a former licensee presents a particular danger of confusion to the public." *ITT Indus., Inc. v. Wastecorp. Inc.*, 87 F. App'x 287, 293 (3d Cir. 2004) (internal citations and quotations omitted). Here, Ramada has pled that it is the owner of the Ramada marks, which are valid and legally protectable. (Am. Compl. ¶¶ 11-16.) It has also alleged that 4018 WVS engaged in the unauthorized use of those marks at its facility, which has "caused and is likely to continue to cause confusion" among consumers. (*Id.* ¶ 105). Accordingly, the Court is satisfied that Ramada has pled legitimate causes of action.

### C. Three-Factor Analysis

Having determined that the amended complaint asserts legitimate causes of action, the Court must now make explicit findings as to: (1) the existence of a meritorious defense; (2) the prejudice suffered by Ramada; and (3) the culpability of defendants. *See Emcasco,* 834 F.2d at 74.

#### i. Factor One: Existence of a Meritorious Defense

Evaluation of the first factor is made difficult by the fact that defendants have failed to answer or otherwise respond in this action. *See Teamsters Health & Welfare Fund of*

6

*Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) (court could not "determine whether [d]efendant[s] had any meritorious defenses" where they failed to respond). Based on the Court's independent review of this record, it does not appear that defendants have a meritorious defense. *See United States v. Shemesh*, 2021 WL 3706735, at *2 (D.N.J. Aug. 19, 2021) (McNulty, J.). Accordingly, the first factor weighs in favor of granting default judgment.

### ii. Factors Two and Three: Prejudice to Ramada and Culpability of Defendants

The second and third factors similarly weigh in favor of entering default judgment. Defendants' failure to appear or file any response to the amended complaint has prevented Ramada from "prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.). Indeed, Ramada "will suffer prejudice if the Court does not enter default judgment as [it] has no other means of seeking damages for the harm allegedly caused by [defendants]." *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (Linares, J.).

Furthermore, "[a]bsent any evidence to the contrary," defendants' failure to answer "evinces [their] culpability in [the] default.'" *Great Am. Ins. Co. v. Fast Time Constr., LLC*, 2021 WL 4306829, at *3 (D.N.J. Sept. 21, 2021) (McNulty, J.) (internal citations and quotations omitted); *see Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, M.J.). There is no evidence here of an exculpatory nature. Accordingly, all three factors support the entry of default judgment.

7

### D. Remedies

Having determined that entry of default judgment is appropriate, the Court next assesses the remedies sought by Ramada.  Ramada seeks an $864,788.13 judgment against defendants, which is comprised of: (i) liquidated damages, plus interest ($521,002.95); (ii) recurring fees under the franchise agreement, plus interest ($147,950.78); (iii) damages under the Lanham Act ($180,734.40); and (iv) attorneys' fees and costs ($15,100.00).

The Court is satisfied that Ramada is entitled to liquidated damages, recurring fees, and attorneys' fees and costs pursuant to the express terms of the franchise agreement and guaranty (*see* Am. Compl. ¶¶ 24-25, 28-29, 31, 33-34; *see also* D.E. 15-3, Fenimore Decl. at Exs. A, B), and finds that it has presented sufficient proof that the requested amounts are appropriately calculated.  (*See* Fenimore Decl. ¶¶ 55-56, Ex. L (recurring fees) and ¶¶ 61-63 (liquidated damages); *see also* D.E. 15-2, Couch Decl. ¶¶ 9-11, Ex. B (attorneys' fees and costs).)

Ramada has also submitted sufficient evidence to support its claim for Lanham Act damages ($60,244.80).  (*See* Fenimore Decl. ¶¶ 64-65.)  However, it seeks to triple them as provided under the Lanham Act where the defendant's infringement is determined to be intentional, knowing, or willfully blind.  *See Microsoft Corp. v. CMOS Techs., Inc.*, 872 F. Supp. 1329, 1339-41 (D.N.J. 1994).  To support an award of treble damages, Ramada has provided the Court with its June 30, 2020 "cease and desist" termination letter as well as an incomplete "post termination obligations checklist" dated March 15, 2021, which includes a photo of the facility's exterior signage bearing Ramada's name and marks.  (*See* Fenimore Decl. at Exs. K, M.)  While this evidence is sufficient to show that infringement did occur, it is insufficient to demonstrate that the infringement was deliberate or willfully blind, or that the infringement is still ongoing. *See Travelodge Hotels, Inc. v. Seaside Hosp., LLC*, 2016 WL 5899281, at *6 (D.N.J. Oct. 6,

8

2016) (McNulty, J.) (declining request to treble damages where it was "impossible" to determine from record whether defendant's failure to remove marks "was purposeful"). Absent such evidence, Ramada has failed to demonstrate the requisite intent to entitle it to treble damages and the Court limits Lanham Act damages to $60,244.80.

As to Ramada's request for injunctive relief, there is no evidence of ongoing infringement that would warrant what is sought, which would include the ability, arguably, to enter the premises and remove any marks the day after this decision were the Court to rule in Ramada's favor. To the contrary: nothing in this record evinces an ongoing relationship between the parties or defendants' active use of the marks. Indeed, the phrasing in paragraph 65 of the Fenimore Declaration referencing the number of months of "confirmed" misuse suggests that Ramada may be hard pressed to support any infringing activity after March 2021. Insofar as the Fenimore Declaration is dated June 9, 2021 and noticeably silent on this subject, calling its demand for future injunctive relief unsupported is kind, and calling it cookie-cutter pleading is likely more accurate. Injunctive relief is denied.

### IV. Conclusion

For the foregoing reasons, Ramada's motion is granted in part and denied in part. The Court grants Ramada's request for monetary damages; denies its request for treble Lanham Act damages; and denies injunctive relief. An appropriate order and judgment will follow.

Date: January 28, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

9